**Marquies David WINSTON, a Minor, by his Guardian and Parent, Adriane B. WINSTON, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

No. Civ.A. 3:95CV–785–S.

United States District Court, W.D. Kentucky.

July 1, 1998.

Frederick C. Dolt, Tyler S. Thompson, Howard & Helmers, PLC, Louisville, KY, Charles A. Caudill, Daniels & Associates, Louisville, KY, for Marquies David Winston by Adriane B. Winston.

Richard A. Dennis, John E. Kuhn, Jr., W. Brady Miller, U.S. Attorney's Office, Louisville, KY, for U.S.

Donald K. Brown, Jr., Daniel K. Astin, O'Bryan, Brown & Toner, Louisville, KY, for Helen How, M.D.

Michael K. Kirk, Wyatt, Tarrant & Combs, Louisville, KY, for University Gynecology and Obstetrical Foundation, Inc.

### *MEMORANDUM OPINION AND ORDER*

SIMPSON, Chief Judge.

We consider here the motion of the plaintiff to preclude expert testimony regarding the present value and interest rates applicable to future expense streams (DN # 165).

The plaintiff relies upon *Paducah Area Public Library v. Terry*, 655 S.W.2d 19 (Ky. App.1983), which has come to be known for its articulation of the so-called "total offset rule," which proposes that interest rates and rates of inflation are "self-adjusting," and that they totally offset each other.

In *Paducah Library*, the Kentucky Court of Appeals adopted the rule that awards for lost future earnings must be in present worth. The trial judge had excluded evidence of present worth calculations, as well as evidence regarding future inflation.

In affirming the trial court on these evidence issues, the Kentucky Court of Appeals stated its belief that "jurors are sufficiently sophisticated in considering future lost wages to understand that 'a smaller sum today equals a larger sum in the future.' " The court did not explain the basis for its belief.

The court went on to express its views on the intuitive awareness of jurors, stating that they "are inescapably aware that any award for future damages is likely to suffer the erosion of inflation."

The court then concluded that:

It requires no evidence of discount rates or the rate of inflation for the jury to render a fair and reasonable award for future losses. Nor, is it necessary to instruct the jury on present worth. The jury's knowledge of these factors is presumed. The value of prepaying money, as well as the erosion caused by inflation, are matters within the general knowledge of jurors. Much can be said for the rule of the trial judge, and much may be said against it, but suffice it to say that such a rule goes far to eliminate the contest between litigants who have the resources to marshall [sic] mountains of expert testimony rela-

tive to money, its worth and the nebulous art of economic forecasting, all of which encumber the trial proceedings and confuse the deliberation of jurors.

*Paducah Library,* 655 S.W.2d at 25.

Thus, the Kentucky Court of Appeals presumed the innate sophistication of jurors in understanding the concepts of discount and inflation, but suggested that any evidence of these concepts would likely confuse the otherwise sophisticated jury.

In order to eliminate "mountains" of expert testimony on these issues, the court expressed its view that "interest rates and rates of inflation are 'self-adjusting' and it is unnecessary to concern the jury with either. Because the two totally offset each other, the jury may make a fair and reasonable award in present worth without introduction of evidence or instruction."

Despite the broad statements the court made in *Paducah Library,* it pulled back from adopting them as absolute. The court stated "[t]he injection of such matters in the trial is not prejudicial but irrelevant and nonessential; all however within the discretion of the trial court."

Thus, the introduction of evidence regarding discount rates and inflation rates is ultimately within the trial court's discretion. The court felt such evidence might, however, be irrelevant. But in acknowledging the discretion of the trial court, it is obvious that relevance must be evaluated in each individual case.[1]

■ *Paducah Library* is a Kentucky evidence case, and is therefore not binding on this court. "The admissibility of expert testimony is a matter of federal rather than state procedure. Therefore, whether an expert should be permitted to testify is controlled by federal law." *Brooks v. American Broadcasting Companies, Inc.,* 999 F.2d 167, 173 (6th Cir.), *cert. denied,* 510 U.S. 1015, 114 S.Ct. 609, 126 L.Ed.2d 574 (1993), quoting *Salas· v. Wang,* 846 F.2d 897, 904–05 (3d Cir.1988) (in medical malpractice action, FED-

ERAL RULES OF EVIDENCE applied to question of admissibility and damages evidence offered by expert).

■ In evaluating whether evidence is relevant, we must consider its probative value. If a damage award must be expressed in terms of present value, even if it contemplates a stream of future losses or expenses, there is obvious probative value in addressing the methodology of arriving at present value.

To be sure, the total offset method is simpler. But its accuracy is questionable. The real interest rate (R) is generally defined as the nominal rate (N) less inflation (I):

$$R = N - I$$

It follows that the nominal rate must be equal to the real rate plus inflation, expressed as:

$$R + I = N$$

The nominal rate will only equal the inflation rate when the real rate of interest is zero. It is obvious that borrowers could borrow without cost, and lenders would lend without gain, only in an imaginary world where capital is unlimited and risk, transaction costs, and monopolies are absent.

Thus, the interest rate and the inflation rate are, indeed, "self-adjusting" only because the former includes the latter as a factor. But they do not "totally offset" each other in the real world.[2]

This court always retains the ability to exclude evidence which may confuse the issues, mislead the jury, or which is needlessly cumulative. But we do not fear the "mountains" of expert testimony on economic issues anymore than the mountains of expert testimony on other trial issues. It is the responsibility of the trial court to conduct an orderly trial, and it is the responsibility of counsel to make the evidence understandable. We believe that, together, counsel and the court can ensure that such evidence is usable by the jury.

---

1. We have not discussed the "non-essential" aspect of this kind of evidence since evidence which is not essential to a party's case is not *ipso facto* excludable.

2. Worker productivity growth was not addressed in *Paducah Library,* and hence we do not address it here. If it is to be considered in *in futuro* wage loss situations, however, we believe the better practice is to allow its effect to be proven by evidence, not assumed by intuition.

Accordingly, *Paducah Library* will not be viewed as a constraint by this court on the admission of evidence regarding present worth calculations.

The motion of the plaintiff for an order *in limine* is **DENIED.**